The case is Galuzo v. Commissioner of Internal Revenue Mr. Schuman? Yes, Your Honor, may I please the Court? My name is John Schuman and I represent the Commissioner of Internal Revenue. I would like to reserve three minutes for rebuttal, please. Granted. The first and most fundamental question in this case is the one posed by this Court. Did the tax court have jurisdiction over the petition? The answer is yes. The tax court did have jurisdiction in order to determine its own jurisdiction. As the tax court has recognized in the Shelton case, which was cited in the taxpayer's petition on page 13 of the appendix, quote, every court has judicial power to hear and determine and inquire into its own jurisdiction and to decide all questions. And then it determined it didn't have jurisdiction. Yes, Your Honor, it did determine that it did not have jurisdiction. That's right, and both sides agree that the tax court's jurisdiction depended on whether a valid notice of deficiency was mailed to the Galuzos at their last known address. Yes, Your Honor, that's correct. It was your burden to show that it was. Yes, Your Honor, the issue here depends on the application of res judicata because the jurisdictional One can argue, let's just say, that you don't reach the res judicata issue if there's no jurisdiction. You want us, and your friend agrees, to ignore the jurisdictional argument and move right into res judicata. Well, in this case, Your Honor, in order to determine jurisdiction, you have to apply res judicata. Why? Because the two prerequisites for jurisdiction for the tax court are, as Your Honor noted, are the issuance of a valid notice of deficiency mailed to the taxpayer's last known address and two, a petition that's filed by the taxpayers normally within 90 days thereafter. So in order to determine whether or not there had been an issuance of a notice of deficiency, we have to look and see what has happened in these proceedings before that. Because in this case, the tax court's jurisdiction depended on whether that notice of deficiency had been mailed to the glue's office. Look at footnote 9 in your brief at page 35. In this appeal, we do not argue whether the evidence submitted by the commissioner and the tax court was sufficient to demonstrate that notices of deficiency were mailed to taxpayers. Yes, Your Honor. We're not even addressing the issue on this appeal. We are not because it's already been determined. It has already been. That they weren't mailed. That they were mailed. Well, the tax court didn't. Who determined that? The tax court determined that they weren't. Well, there was a final determination on the merits, a final judgment on the merits, in the bankruptcy court. And as part of that, the bankruptcy court had jurisdiction over this entire claim, the claim for the tax liabilities for the years it issued. So because it had jurisdiction, the bankruptcy court had jurisdiction, it issued a judgment on the merits, it means that Dominic Galluzzo, Mr. Galluzzo, was precluded from raising issues that he could have raised in the bankruptcy court, including his assertion that he did not receive a notice of deficiency. All right. That's one argument in support of your claim that a notice of deficiency was, in fact, sent to the Galluzzo. Correct? Yes, Your Honor. And there are multifarious other arguments as to why the Galluzzo's did receive or did not receive a notice of deficiency. Correct? Well, Your Honor, if the bankruptcy court final judgment, if that is truly a final judgment on the merits, as we say it is, and it has preclusive effect under the principles of res judicata, then he cannot challenge any of the underlying issues that would have supported that judgment. And you presented that to the tax court. Yes, Your Honor, we did. We probably argued that it's too late for them to come into the tax court and look for redetermination of deficiencies. Well, it is too late because the – Because that was your argument. That was one of our arguments. And we argue that because once you determine that under res judicata principles, the notice of deficiency – You keep saying under res judicata principles. We're not talking res judicata now. We're talking about jurisdiction. I guess we're both trying to get at the same thing here, and I feel like we're talking past each other a little bit. It's probably my fault. But what case law do you have to support the notion that the tax court was obliged to ascertain the res judicata status of that bankruptcy proceeding before it made a determination that the service failed to carry its burden, that it had in fact sent the Galuzos a notice of deficiency? Well, the tax court has said in multiple cases that it is obligated to apply res judicata principles generally. Right. And I'm asking for the case where it says it must apply res judicata principles before making a determination whether it even has jurisdiction to hear the case based on that prerequisite of the notice of deficiency having been properly served. Well, the tax court has also said that it has jurisdiction to determine its own jurisdiction. In order to do so, it has to apply res judicata. We all agree with that. We all agree with that. And then it found it did not have jurisdiction. And the question Judge Hardiman is asking has still not been answered. Well, Your Honor, in order to determine this issue of whether there was an issuance of notice of deficiency, you have to consider the previous litigation. If there had been no previous litigation, we'd have a totally different case here. And we did meet our burden of showing that there had been an issuance of a notice of deficiency by proving the procedural history of this case in bankruptcy court where there was a final judgment on merits. Let me put this another way because I don't think we're making much progress this way. The stipulation and order in the adversary proceedings, it was a consent order. Yes, Your Honor. Entered into against, you know, various people and on behalf of Mr. Galuzzo. It was a consent order. One month later, based on essentially the admissions, the agreements in the stipulation and order, the bankruptcy judge confirmed the plan. Why cannot, given that this was a consent order, entered in court and confirmed by order of the court, why are not these totally independent of whatever deficiencies the notice had or whether the notice itself is now a nullity as the tax court suggested it would be? Why do not these stand on their own? And we don't even have to get to the notices of deficiency. Well, Your Honor, if the confirmation order... That's a good argument for you and I don't see it anywhere. Well, if the confirmation order and the consent order means anything, it has to mean that those tax liabilities were determined for those years for this taxpayer. But that's res judicata. You're getting back into res... I'm just talking about you have an order of the court that says, I owe this kind of money. You take the $200,000 out of the Ocean County property and I owe you the rest. This is the consent order. I mean, we're talking about a million dollars of taxes. And he agrees he has to pay them. And he has to pay them within six years. This is all part of a consent order, right? Yes, Your Honor. And instead of paying, he instead files this lawsuit in tax court trying to relitigate what he's already litigated. Sure, and you're falling for it by saying res judicata and all that stuff. I don't know. There's an order of the court that I wonder, can't this be enforced? It doesn't stand on its own two feet. Maybe it doesn't. It does, Your Honor, but now it's jeopardized by this tax court order which says that the notice of deficiency is a nullity. We're not talking about a notice of deficiency. Well, but that's the only way they get paid, right? Isn't that your problem? I don't know. Is it agreed upon amount? Even if we all, maybe even Mr. Cohen, I don't know, if we all sit here and we have some equitable notion that Mr. Cohen's client owes a million dollars, it still, as I understand it, is the case that you can't collect from him unless you issue the notice of deficiency. That's right, Your Honor. In order to have a valid assessment, you have to have a preceding notice of deficiency and then a failure to file a petition in tax court. And they stuck it to you and said, prove it. And you thought, whoops, we can't really prove it, but we can prove it if we advert to the bankruptcy proceedings. And that's why you raised the res judicata argument, which is an affirmative defense, correct? Yes, Your Honor. Where in your answer is it cited as an affirmative defense? It was not cited in our answer. An affirmative defense is not cited or waived. That's one of the things I haven't forgotten in the last 10 years, I think. Well, there is authority from this court that I believe it's the Shaw case that if the res judicata issue is present from the pleadings and from the documents from the previous case. But it has to be obvious. Yes, it is obvious. And, boy, how is this obvious? The Shaw case is one sentence in one footnote in a non-presidential opinion of this court. Yes, Your Honor. It's my sense that it was wrong, that sentence. But even if it's right, that language there was obvious, and I don't see anything obvious about this bankruptcy. I mean, you may have the better of the argument about the effect of what happened in the bankruptcy court, but it sure doesn't seem to be obvious. Well, res judicata was obvious to the parties below. Both sides argued it in their briefs. Both sides argued it at the adversary hearing before the taxpayers testified. And, in fact, the tax court judge had colloquies with the parties, sort of an oral argument before the evidentiary hearing started, discussing res judicata. Res judicata was – You didn't get very far with him, though, because you found he had no jurisdiction in tax court. Well, Your Honor, he didn't reach res judicata, and that's the real problem. That's right, and that's the question we kept coming back to is did he have to, and what is the authority that forced that judge to look at the res judicata question before ascertaining that because no notice of deficiency was, in fact, sent, there was no jurisdiction? Well, Your Honor, he has to address res judicata, because if he doesn't, then this previous proceeding itself is a nullity. It's as if the bankruptcy judgment never happened. You have to understand the preclusive effects of that judgment in order to adjudicate the jurisdictional issue in tax court. Let me try another analogy. There would be – if there were a case where, for example, a copyright claim were at issue in the first lawsuit, and it was decided that the plaintiff had no rights in that copyright, that case is determined, there's a final judgment. Then there's a second case where the issue is standing. Does that same plaintiff have the ability to challenge a copyright infringement by some third party? Well, the court there can say, no, look, you don't have standing because it's already been determined here in this other case that by res judicata principles we have to give preclusive effect to the earlier judgment that says you don't have a copyright, therefore you don't have standing, therefore we don't have jurisdiction in the second case. So that's essentially what we're doing here, is we are using the preclusive effect of the first case to show that there is certain issues and certain claims that are foreclosed in the second lawsuit. Otherwise that first lawsuit would mean nothing. And, Your Honor, it is a final judgment on the merits. Could you today, assuming you could beef it up with an affidavit or something, could you, if we affirm the tax court's finding of no jurisdiction, reissue, come in with a new notice of deficiency that has some teeth to it or a little more than just the postal form? Or is there some sort of a statute of limitations problem with doing it now? Well, Your Honor, the... She's trying to get the government the million dollars. No, I'm not. I mean, to me it was an interesting question. I believe it may be too late for that, Your Honor, because so much time has passed since Mr. Galuzzo litigated his first case in bankruptcy and promised to pay, and the entry of that order, so much time has passed since then that it is difficult, if not impossible, to reassess the same liabilities that we've already assessed. Isn't it enough to show, as an alternative, that they knew that the government was claiming they owed the money? Well, yes, Your Honor. In the bankruptcy case, the proof of claim did include the date of assessment. It included the amount of the liability. He was on notice as to all of that, and he litigated it, and it was determined in the first proceeding. Somehow I have a feeling, but I can't put my fingers on it, that two days before they sent a notice to Mrs. Galuzzo, is that right? Where do I get that? Well, there were notices of deficiency sent to both of them. Independently? Were they living together? They were living together, yes, at the same address, Your Honor, according to our mailing list that we... And it was sent to the right address. Yes, it was our last known address. But the Galuzzos say they never got them, and the tax court found them credible. Yes, Your Honor. What we're saying, the tax court should not have made a factual determination there because the preclusive effect of the earlier case means that they can't raise that issue. The earlier case being the bankruptcy? Yes, Your Honor, that's correct. We'll hear you on rebuttal, Mr. Schuman. Thank you. Mr. Cohen. Thank you, Your Honor. Kenneth Cohen of the law firm Davidson Social Rights. John Cohen on behalf of Dominic Galuzzo. Isn't it amazing that the government has no evidence that it sent the notice of deficiency? The file was lost, Your Honor. I just keep thinking about the poor soul in the tax department who discarded or did something with that. I mean, it's like me in my house. You had tax liabilities from 89, 90, and 91, and the notice of deficiency wasn't filed until September of 95. So this case had been around for a long time, inexplicable delays, and maybe that was one of the reasons for the loss of the file. Of course, you delayed a long time too, didn't you, once it got going? You never challenged anything. I came into the case especially. Not you. I mean, the editorial you. I will take it as me, Your Honor, because what happened is my client was in tax collection, and he kept on telling me that he never received a copy of the audit examination. But you knew there had been a tax liability imposed. I mean, your client was getting all kinds of notices. Of course. Yeah. Your Honor, I guess the question that we have. I keep thinking about the poor guy who threw out the notice. They lost the whole file, Your Honor. They lost the whole file? Well, I mean, in the case that the tax court cites, I don't have it. Pietza. Yeah. Pietenza. There was more. Here all you have is the postal form saying something was mailed. But at least they were able to get affidavits from the people who worked on the case, and they beefed up the presentation, and that was found sufficient. It was not sufficient, Your Honor, because they did not have a copy of the notice of deficiency. They only had a copy of a green card. Okay. That's probably right. Do you concede that it was sent to the right address in this case? No. I didn't think so. I thought it was. My client tells me he never received it. No, no. I don't think that's correct. The last address on file was apparently the correct address, but they say they never received it. The form 8877 shows it was sent to their home address, but we don't have any substantiation that it was delivered. So there was no evidence of a wrong address or anything like that? No. Okay. Why didn't you argue in the bankruptcy court the failure to send a deficiency notice to your clients after the IRS filed its proof of claim? I was not bankruptcy counsel, but all I can do is rely on my conversations with bankruptcy counsel and the certification that was submitted in the tax court, which is that the issue at that time was a dispute between various creditors. There was a claim against a property in Ocean County, the Ocean County property, and the purpose for the bankruptcy proceeding was to determine a priority of liens on that property. That was the primary thrust for the bankruptcy, that they were not looking to actually at that time go into the merits of the IRS claim. But it would have defeated the claim, right, had it been made at that time? That's correct. Under your theory of the case. I believe it, yes. But the question then becomes if it wasn't raised at that time, whether or not after a confirmation order, whether or not based upon the authority that I've cited, whether we have the right to challenge it subsequently. The IRS filed a proof of claim in Mrs. Galuzzo's bankruptcy case on May 31st, 2005, and the deficiency notice was purportedly mailed two days later on June 2nd. Based on this, did the Galuzzos have actual notice of the deficiency well within the 90-day period for filing a redetermination petition? Your Honor, in the tax court case, I represented both parties, and neither of them, the claim that we made was that neither of them had received the notice of deficiency. Even the Mrs. Galuzzo? Correct. But it's a mailing requirement, not an actual receipt requirement, correct? It's a mailing requirement, provided that you have some substantiation that it was mailed. Yes. And that you have a copy of the proof of the notice of deficiency based upon putensive. Yes, that's right. Correct. But the consent order resolved, you can talk about the Ocean County property, and that would be deducted from the IRS tax claim. The consent order stated that the IRS shall retain its lien for any remaining balance on its secured claim, right? That was the consent order. That was the consent order. The question is, I'm going to have to say whatever lien that it was entitled to have, because there was no determination of the amount of the tax. Although there was a proof of claim that was filed, there was no issue raised as to whether the amount that was claimed by the IRS was correct. Oh, I thought you did. Oh, they had an amount claimed by the IRS. There was a proof of claim, sure. Yeah, I think it was in the confirmation order. It was less than $200,000. No, that was the Ocean County property. It was $1.2 million at the time. And that's what they agreed to pay here. Is that a nullity, do you think? No. Because the notices of deficiency were no good? I believe it was a nullity because of that, but I also believe that they do have a right to challenge it afterward. I mean, we're talking about a million dollars owed to the government in taxes. Well, they may claim it's not owed, but I don't see anything in these papers in which they say we don't really owe that money. They never received the copy of the notice of deficiency. The position is that there wasn't – it's not in the papers, Your Honor, but there was – This has been litigated for – when was this case filed? I mean, we're going back to the dark ages here. This has been going on for a very long time. Well, the IRS filed this proof of claim in 2005, isn't it? September 2005, Your Honor. Yeah, this is almost 10 years now. And you've been litigating – I mean, you – there's been litigation going on in the bankruptcy court here and there and everywhere ever since? Yes, Your Honor. But the fact that there's been – The subject's not a mystery. I don't think – we agree with you 100%. We just feel that the IRS has not approved that much money. You're relying on a technicality, let's be blunt about it. Your Honor, my client – And it may be that's enough. I mean, you persuaded the tax court. They have experience in making sure taxpayers pay their tax bills, I think it's safe to assume, right? I'm going to beg your point, Your Honor, though, because my client tells me that if he had received the notice of deficiency, that there had been an audit in 1992, 1993, and that he told me that if he had received a copy of the notice of deficiency, based upon his understanding of what was in the audit, he could have challenged some of those things because he disagreed with them. Did he ever see a copy of the – when he first realized? Because, I mean, you were in court pretty soon thereafter. Did he ever ask for a copy so that – There isn't any. Well, did you ask for one in 2005 when there might have been one? I was not involved, and I don't believe there was any request for that made. So one can argue now there was a little bit of deliberate ignorance or something, you know? I can't say whether there was deliberate ignorance or not, Your Honor. All I can tell you is that originally there was a claim in the bankruptcy, and when I was – by the time I was retained, when the case was in collection, my client told me that he never saw what he was – he advised me that he never saw the papers alleging what he owed and for what. He had an idea of what it was based on a field audit, but that he never saw any written statement, Your Honor. But what was the $200,000 taken off of? There was a claim – there was a competing claim by something called Lumbermans, which had a secured claim, and the question was who had priority claim as a priority lien claim on a property that was called the Ocean County property. And the $200,000 court, what was agreed to was that Lumbermans would have a priority claim of $200,000 and the IRS would retain its lien as to everything else. And the amount? And the tax lien would be reduced by that amount. The tax lien, and when I read the papers, I'm not sure if it was the tax lien on all property or if it was just – I read it as the Ocean property because he also had a home in Saddlebrook, New Jersey, and they filed tax claims. And it says, to the extent the IRS-secured claim is not satisfied from the Ocean County property, it shall remain on the other real property owned by the debtor in Bergen County up to the value of that property in the order of priority and pursuant to any plan of reorganization. And that's where the million dollars comes from. Yes? The million dollars comes from the – Bergen County property. There was a proof of claim and there was a $200,000 and there was a subtraction. From the million-some-odd dollars in Bergen – from the Bergen County property. I don't understand how you're putting it. I'm sorry. Let me ask you this, Mr. Cohen. The inverse of what I asked Mr. Schuman, do you have any case law that supports the tax court's decision to adjudicate as a factual matter that the commissioner failed to carry its burden to prove that the notice of deficiency was mailed before it considered the question of whether the bankruptcy order was entitled to res judicata status? The case that I cited in my papers was a little bit different, but it was Hambrick. It's the tax court case Hambrick, where the IRS sought to increase the amount of its claim because it had non-dischargeable tax claims. And what I'm saying is that the IRS in our case, in the Galuzzo case, it was also a non-dischargeable tax claim because it was made – it was filed within 240 days of the bankruptcy. So although it's been called a secured claim, it was called a secured claim in the bankruptcy, and I thought it was a non-dischargeable claim. And in the reply brief of the government, I believe that they agreed with my assessment. But we really don't have a case directly on point. I mean, this is a fairly unusual factual scenario, I suppose. It's not directly on point. In that case, it was the IRS that was claiming res judicata wasn't applicable. In our situation, obviously, it's the taxpayer who's claiming it. The analogy is – the thing that's the same is that in Hambrick, the tax court actually made a determination that res judicata did not apply. And I suppose your argument is because it's the commissioner's burden, the absence of case law works in your favor. I also cited in my papers, Your Honor, a revenue rule in 2006-16 where there was a case involving a bankruptcy. The bankruptcy was between a husband and wife, and subsequently the husband, post-bankruptcy, sought to relieve himself of that bankruptcy judgment based on innocent spouse. And the IRS in that case said that there had not been a determination on the merits in the bankruptcy case, so res judicata did not apply. My adversary, the IRS in this case, is saying that that should not be given Chevron deference. And I believe that based upon the Reese case decided by the Third Circuit, that it has presidential value here. Thank you, Mr. Cohen. Thank you. Mr. Schuman. Mr. Honor, first I'd like to return to the question from the court. Make sure you talk on the mic. Thank you, Your Honor. Yes. First I wanted to return to the question that Your Honor had raised about the – Which of Your Honors? I'm sorry, Your Honors, about the loss of the administrative files. Oh, yeah. My understanding is that under the retention schedules, they're applicable in the IRS here. The administrative files would not have been preserved up to this point. You mean they throw out the tax files? Well, Your Honor, as you can imagine, the IRS has massive files, and they can't keep everything forever. So they have to have retention schedules that determine, you know, how much they keep and how long they keep it. So this really goes to one of the rationales behind the Doctrine of Riches. Is that why we can discard our old tax copies? Your Honor, it works both ways. But this goes to really the rationale behind res judicata. Finality means that you don't have to keep records forever. You don't have to maintain notices of deficiency that are not really relevant anymore because you've already got a final judgment on the merits for that tax liability. Let me just stop you there because I'm willing to stipulate that you're correct on res judicata. But I'm not sure that wins the case for you because don't you have to persuade us that the tax court erred in reaching that question second? Yes, Your Honor. Jurisdictional facts can be determined in prior proceedings, as happened in this case. And those proceedings are entitled to preclusive effects. It can, but that's not enough again. You need to show us that the tax court must, that it had to, right? The tax court had two options, at least. Option one was the course it took. Have the commissioner prove evidence that the notice of deficiency existed and that it was sent. It didn't believe the government, in other words. And so choice one was commissioner show me a notice of deficiency with the Galuzzo's name on it, and show me that it was sent, presumption of mailing. That was one opportunity, one choice. The other choice was I don't even need to ask the government about that, the commissioner about that, because I see here it could be judicial notice of the bankruptcy court order, right? It could have done either of those things. It chose the former course, right? Yes, Your Honor. And by choosing the former course, it held that it had no jurisdiction to consider anything else, that bankruptcy order, anything else, right? Right. So there's no case law, I guess. I think we've already learned that. But on what rule are we going to hang our hat to say that the tax court was not empowered to choose option one? Well, under option one, the tax court essentially assumes that those prior proceedings never occurred. Under option one, the tax court can just ignore everything that happened prior to the filing of the petition in tax court. We say you just can't do that. That eliminates the doctrine of res judicata. That eliminates the reality of the final judgment on the merits from bankruptcy court. You have to take option number two, which says that you have to consider what proceedings have happened in the past, did any of these proceedings have preclusive effect, and does that preclusive effect include any issues that have jurisdictional relevance now? And one of the issues that does have jurisdictional relevance is whether a notice of deficiency was mailed. And there's no dispute that nobody's arguing that it was. Nobody is arguing that it was. You're not challenging that here. That it was mailed. That it was mailed. I mean, it's not been mailed. They're not challenging the factual finding of the tax court that the valid notice of deficiency was mailed. No, we're saying it was mailed, but that's because of the res judicata effect of the bankruptcy court proceeding. Only because of the res judicata. Yes, correct. We are not arguing that we presented sufficient evidence. It's a fascinating case because you're both arguing fictions. You've conceded as a matter of evidentiary proof, both in the tax court and here, that it was never mailed because you don't have the file. But you have a great legal argument that there is an order which says that it was mailed, and they're doing precisely the opposite. They're saying, well, yeah, maybe a court found that we owe a million dollars, but forget about that because the commissioner had to prove it, and the tax court said the commissioner didn't prove it. And you won't go along with what I was trying to find out very early on about, separate it apart from the notices of deficiency and separate it apart from the tax court. You have consent orders. You have admissions of liability. And you tell me they can't stand on their own face without res judicata, so that you have to have jurisdiction to get to res judicata, which is an affirmative defense which wasn't pledged. So I don't know. Yes, Your Honor. And just to be precise, Your Honor, we are not conceding that there was no notice of deficiency sent. What we're saying is that the tax court We're conceding you couldn't prove it in that manner. We couldn't prove it to the tax court's judgment. And it's your burden of proof. And we are not appealing that. And so this court does not have to reach that issue, Your Honor. Okay. All right. Well, I congratulate counsel on this very unusual case. Thank you for your briefing and argument. We'll take the matter under advisement. Thank you. That means I can throw out all my old tax documents. The government is not covered in this case.